Robert P. McDANIEL,
Plaintiff-Appellee-Cross-Appellant,

v.

The FULTON NATIONAL BANK OF
ATLANTA,
Defendant-Appellant-Cross-Appellee.

Jan T. BARKSDALE, Plaintiff-Appellee,

v.

PEOPLES FINANCIAL CORP. OF AL-
PHARETTA, Defendant-Appellant.

James R. BARRETT et al.,
Plaintiffs-Appellees,

v.

VERNIE JONES FORD, INC., et al.,
Defendants-Appellants.

Nos. 75–2410, 75–2514 and 75–2515.

United States Court of Appeals,
Fifth Circuit.

July 21, 1978.

Marion H. Allen, III, Richard R. Cheatham, Albert C. Ruehmann, III, Atlanta, Ga., for defendants-appellants.

E. Lundy Baety, Atlanta, Ga., for Robert P. McDaniel.

Graydon W. Florence, Jr., Atlanta, Ga., for Jan T. Barksdale.

Mary Joyce Johnson, N. David Buffington, Atlanta, Ga., for James R. Barrett et al.

Sewell K. Loggins, Douglas N. Campbell, Atlanta, Ga., for amicus curiae Beneficial Finance Co.

Ernest L. Sarason, Jr., Willard Ogburn, Boston, Mass., for amicus curiae National Consumer Law Center, Inc.

## ON PETITION FOR REHEARING EN BANC

(Opinion April 24, 1978, 5 Cir., 1978, 571 F.2d 948).

Before BROWN, Chief Judge, TUTTLE, THORNBERRY, COLEMAN, AINSWORTH, GODBOLD, MORGAN, CLARK, RONEY, GEE, TJOFLAT and FAY, Circuit Judges.[*]

PER CURIAM:

In a consolidated petition for rehearing, appellant lenders point to a possible ambiguity in our opinion, and we write to resolve it. The problem which they note arises from language in Federal Reserve Board Official Staff Interpretation No. FC–0054 [1] which we quote with approval in our opinion. A possible reading of this language, and one which the lenders urge, is that even though a creditor possesses a contract right to accelerate payment and retain unearned finance charges, he need not disclose this right unless he in fact does so in the course of the collection process. We reject this interpretation out of hand as making disclosure requirements depend upon acts which may or may not take place in the collection process rather than on the creditor's rights acquired at the time the loan is made.

What signifies is not what rights the creditor *exercises* in the event of default or how he exercises them but what rights he *possesses* under his contract with the debtor. So that there may be no doubt about our meaning, we reiterate: a mere contract right in the lender to accelerate principal payment in the event of default is not a "charge" imposed in that event and need not be disclosed. Nor need an additional disclosure of rebate provisions of unearned interest in the event of default be made if these are the same as disclosed rebate provisions in the event of voluntary prepayment. But if the creditor possesses under his contract the right to retain more unearned interest in the event of accelerated payment pursuant to default than in that of voluntary prepayment, or if he possesses the right to impose any additional charge whatever in the event of default, then the existence of that right in him must be disclosed—and this entirely without regard to whether or how he *exercises* that right in the event.

The petition for rehearing of defendants-appellants is

DENIED.

---

* Circuit Judges Goldberg and Hill did not participate in the consideration or decision of this opinion. Circuit Judges Rubin and Vance were not members of the court when this opinion was considered en banc and, therefore, did not participate in this decision.

1. 5 CCH Cons. Cred. Guide ' 31,522 (Mar. 21. 1977).