**Gary W. REECE and Betty Anne Reece, Plaintiffs,**

v.

**ALLEN RUSSELL FORD, INC., Defendant.**

**Civ. A. No. C78–1405A.**

United States District Court, N. D. Georgia, Atlanta Division.

June 11, 1982.

Jay E. Loeb, Atlanta, Ga., for plaintiffs.

Burgess W. Stone, Atlanta, Ga., for defendant.

ORDER

MOYE, Chief Judge.

This Truth in Lending (TIL) action, filed pursuant to 15 U.S.C. § 1640(e), is before the Court again on the report and recommendation of the United States Magistrate. The report and recommendation, which urges denial of plaintiffs' motion for summary judgment and the granting of defendant's like motion, is opposed by plaintiffs.

The issue presented is whether an inadequate disclosure was made as required by 15 U.S.C. § 1638(a)(9) and Regulation Z, 12 C.F.R. § 226.8(b)(4). Section 1638(a)(9) of the Truth in Lending Act requires disclosure of the "default, delinquency, or similar charges payable in the event of late pay-

---

ments," and the above-mentioned section of Regulation Z requires disclosure of the "amount, or method of computing the amount, of any default, delinquency, or similar charges payable in the event of late payments." Plaintiffs contend that defendant failed to make these required disclosures by failing to list as a default charge on the TIL disclosure form defendant's contractual right to retain unearned life and disability insurance premiums upon the debtors' default. The magistrate rejected this argument because he found that *Ford Motor Credit Company v. Milhollin*, 444 U.S. 555, 100 S.Ct. 790, 63 L.Ed.2d 22 (1980), compelled a contrary conclusion. The Court disagrees.

The contract in question makes the following disclosure as to delinquency and default charges:

> Buyer hereby agrees to pay a delinquency charge on each installment in default for more than 10 days in the amount of 5% thereof or $5.00, whichever is less, plus such expenses incurred by Seller in effecting collection hereunder as may be allowed by law.

The reverse side of the disclosure statement, in paragraph 19, states:

> In the event Buyer defaults in any payment ... Seller shall have the right to declare all amounts due or to become due hereunder (exclusive of unearned finance charges) to be immediately due and payable.... Seller shall have the right to retain all payments made prior to repossession and Buyer shall remain liable for any deficiency to the extent permitted by law.

In addition, the "Ford Life Insurance Company Notice of Proposed Group Credit Life Insurance" located at the bottom of the reverse of the disclosure statement states, in part: "In the event such insurance (group credit life insurance) terminates during the lifetime of the Insured Person, the portion of the insurance charge applicable to the period subsequent to the date of termination will be refunded or credited to the Buyer" (parenthetical added). Below this notice is the statement: "If a charge

for other credit life insurance or other insurance has been included therein (the annexed instrument), buyer will be furnished with such application, notice, certificate or policy with respect thereto as required by law." (parenthetical added).

Plaintiff's contention is that due to the contractual language of paragraph 19 quoted above, defendant had the right upon default to retain all sums paid it under the contract, except unearned finance charges, and therefore should have disclosed its right to retain unearned insurance premiums as default charges.

The defendant argues that (1) recovery is barred under *Milhollin*; and (2) the above "notice of proposed group credit life insurance" contractually eliminated its right to recover unearned insurance premiums. Subsequently, defendant concludes that no default charge was assessed by the contract which the Truth in Lending Act required to be reported.

*Milhollin* resolved the question of whether an accelerated clause must be disclosed on the face of a credit agreement under the Truth in Lending Act. Because it found that acceleration itself entails no monetary penalty, but merely avoids further delay by demanding immediate payment of the outstanding debt, the Supreme Court held that an acceleration clause cannot be equated with a "default, delinquency, or similar charge subject to disclosure under 15 U.S.C. §§ 1638(a)(9), 1639(a)(7), and 12 C.F.R. § 226.8(b)(4)". 444 U.S. at 561, 100 S.Ct. at 794. "Even if one considers the burdensomeness of acceleration as a form of 'charge' upon the debtor, it would hardly make sense to speak of that burden as 'payable' to the creditor." *Id.* at 561–62, 100 S.Ct. at 795.

*Milhollin* does not control the case at bar because here plaintiffs allege that something other than acceleration was not disclosed. They allege the creditor failed to disclose that upon default the creditor had the contractual right to retain unearned insurance premiums, meaning the creditor could exact additional charges, not disclosed, on the debtors upon default. If the

contract in question does award that right to the creditor, it clearly imposes a charge not imposed under the facts in *Milhollin*, and must be disclosed under section 1638(a)(7) and Regulation Z. *See McDaniel v. Fulton National Bank of Atlanta*, 571 F.2d 948, 950 (5th Cir.), *clarified*, 576 F.2d 1156 (5th Cir. 1978) (en banc) (where acceleration has the effect of requiring payment of interest not earned as of the accelerated due date, an additional charge has been imposed).

The next question to be faced, therefore, is whether the contract in question awarded defendant the right to retain unearned insurance premiums on default.[1] The question must be posed as to both types of insurance plaintiffs purchased: life and disability. Defendant contends that the "notice of proposed group credit life insurance" contractually obligated defendant to refund unearned insurance premiums by stating, as noted above, that a rebate of unearned premiums would be made in the event the insurance terminates during the lifetime of the insured. While this contractual provision removes the possibility of an undisclosed default charge being levied *if* the debtor defaults on *both* his life insurance and principal plus interest payments, it does not remove that possibility if the insurance premium is continued to be paid after the debtor defaults on the principal and interest due.[2] That conclusion results because paragraph 19 of the contract allows the creditor to retain upon default in any payment *all* payments made prior to default, including unearned insurance premiums, but excluding unearned finance charges, while the rebate provision with respect to life insurance is triggered only if the insurance is cancelled prior to the debtor-insured's death.

In addition to the above, neither party has entered into the record the disability insurance policy for which plaintiffs con-

tracted, meaning defendant has shown nothing contrary to the "retain all payments" provision of paragraph 19 to counter plaintiffs' claim that defendant failed to disclose its right to retain unearned *disability* insurance premiums.

On the basis of the above, the Court finds that the defendant failed to comply with 15 U.S.C. § 1638(a)(9) and 12 C.F.R. § 226.-8(b)(4) by failing to disclose as a default charge its contractual right to retain, under certain conditions upon default, unearned insurance premiums. Accordingly, the Court DECLINES to adopt the report and recommendation of the magistrate, GRANTS plaintiffs' motion for summary judgment, and DENIES defendant's like motion. Each plaintiff shall recover the statutory award of $1,000.00. 15 U.S.C. § 1640(a)(2)(A)(i). Costs and reasonable attorney fees are awarded to plaintiffs. 15 U.S.C. § 1640(a)(3). In order to expedite final resolution of this long-pending matter, plaintiffs' counsel shall submit to the Court, rather than the magistrate, by affidavit, his reasonable attorney fees, and shall explain by brief the compliance of his request with *Johnson v. Georgia Highway Express*, 488 F.2d 714 (5th Cir. 1974). The request for attorney fees shall be filed within twenty (20) days following the filing of this order, or plaintiffs' right thereto shall be waived. Defendant's response to the request for attorney fees shall be filed within ten (10) days of the filing of the request.

---

1. While defendant states that its practice is to always rebate unearned insurance premiums, the defendant's contract, and not its practice, must be the focus of the Court's inquiry. *McDaniel v. Fulton National Bank of Atlanta*, 576 F.2d 1156, 1157 (5th Cir. 1978) (en banc).

2. This statement assumes, of course, that the debtors' life insurance would be terminated within a period of time allowed by statute if they failed to pay a premium when due. *See* Ga.Code Ann. § 56–2430.